# Commonwealth, ex rel., Heinly, Appellant, v. Marks.

*Municipalities—Cities of the third class—Act of June 27, 1913, P. L. 568, Article III, Section 3; Article XIX—Statutes—Construction—Initiative and referendum.*

1. Where under the provisions of the Act of June 27th, 1913, P. L. 568, providing for the government of cities of the third class, a city of the third class has annexed territory, it has no power either directly, or indirectly, to dissever such territory.

2. In such case Article XIX of the said act, providing for the submission to the council of ordinances upon petition by the electors cannot be invoked to require the submission to the council of an ordinance repealing the annexation ordinance.

3. The right granted by Article XIX of said act is an exceptional one concerning which the familiar rule obtains that he who relies upon an exception in the law must bring himself squarely and fully within it.

4. The language of any portion of a statute must be understood in the light of the whole of it, giving due effect to every portion, and by reference from one to the other, explaining, and if need be, restraining the generality of one so as not to conflict with the other, thus harmonizing all and assigning to each its proper meaning and legitimate field of operation.

Argued Feb. 15, 1915. Appeal, No. 26, Jan. T., 1915, by plaintiff, from judgment of C. P. Berks Co., Oct. T., 1914, No. 53, for defendant, refusing mandamus, in case of Commonwealth of Pennsylvania, ex rel., Harvey F. Heinly, District Attorney of Berks County, v. Charles Marks, City Clerk of the City of Reading. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

The court refused the mandamus. Petitioner appealed.

*Error assigned* was in refusing the mandamus.

*Harvey F. Heinly,* District Attorney of Berks County, for appellant.

*Wellington M. Bertolet,* City Solicitor of Reading, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 15, 1915:

This case brings up for consideration the Act of 1902 introducing the initiative and referendum into the law of Pennsylvania. On September 16, 1914, the Council of Reading, a city of the third class, passed an ordinance annexing a portion of an adjoining township; within ten days a paper signed by over one hundred qualified electors was presented to the city clerk, requesting him to prepare a petition to the council for a repeal of the annexation ordinance; the clerk declined so to do, and an alternative writ of mandamus was granted against him, to which he made a return denying, upon various legal grounds, his duty or authority to act upon the request; a demurrer to this return was overruled and judgment entered for the defendant; plaintiff has appealed.

All the questions involved arise out of the Act of June 27, 1913, P. L. 568, providing for the government of cities of the third class. Article III of this act deals with "Annexation of Territory," and provides (Sec. 3) that, under the conditions therein specified, the council of a city of the third class may by ordinance annex, inter alia, a part of an adjoining township; that "the action of said city council," after ten days, shall be "final and conclusive"; then, if an appeal is taken within these ten days to the Court of Quarter Sessions of the county, the act makes it the duty of that tribunal to "examine and inquire, and, if the proceedings brought have been in conformity with the law," to "approve the

same," adding, "thereupon such annexation shall take effect."

Article XIX deals with the subject of the initiative; it provides that "Any proposed ordinance may be submitted to the council by a petition signed by the electors of any city of the third class"; that "upon the request of one hundred qualified electors" the city clerk shall prepare such petition within ten days; that ten days more shall be allowed for signing; that within ten days thereafter the clerk shall examine the petition to ascertain whether it contains the signatures of "voters equal to 20 per centum of all votes cast for all candidates for mayor at the last preceding municipal election," and, if it does not meet this requirement, ten days more shall be granted; that at the expiration thereof the clerk shall make another examination, and, if the petition then meets the requirements of the law, he must present it to the council; finally, that the council shall either pass the requested ordinance, within twenty days, or call a special election and submit it to a vote of the people.

Article XX provides for the referendum, and stipulates that "no ordinance passed by the council (with certain exceptions) shall go into effect before ten days from the time of its final passage, and, if during the said ten days......, a petition signed by electors of the city equal in number to at least 20 per centum of the entire vote of all candidates for mayor at the last preceding ......election at which a mayor was elected, protesting against the passage of such ordinance, be presented to the council, (the ordinance in question) shall thereupon be suspended from going into operation; and it shall be the duty of the council to reconsider such ordinance, and, if the same is not entirely repealed, the council shall submit the ordinance......to the vote of the electors of the city...... and such ordinance shall not go into effect or become operative unless a majority of the qualified electors voting on the same shall vote in favor thereof."

The appellant contends that, under the facts at bar, Article XIX, dealing with the initiative, applies, and, in accordance with its provisions, the defendant should have been ordered to prepare the petition for the repeal of the annexation ordinance here in question; but the court below took the view that, if either Article XIX or XX were to be given effect, only the latter, dealing with the referendum, applied to the present case, inter alia, saying: "Standing alone, this language ('any proposed ordinance may be submitted to the council, etc.') is doubtless broad enough to cover a measure repealing an ordinance passed by the council; but it is plain sense as well as elementary law that the language of any portion of a statute must be understood in the light of the whole of it, giving due effect to every portion, and by reference from one to the other, explaining, and if need be restraining, the generality of one so as not to conflict with another, thus harmonizing all and assigning to each its proper meaning and legitimate field of operation."

The view of the court below, that this case cannot be decided by confining our attention to Article XIX of the act, is entirely correct. Article III is copied from Article III of the Act of May 23, 1889, P. L. 277, while Articles XIX and XX are new to our law—they represent a departure in the nature of an experiment, and, with a desire to progress conservatively, typical of Pennsylvania, the legislature apparently decided to try the experiment within a confined field and only to a limited extent. The Act of 1913, supra, still holds firmly to the idea of representative government; as stated by the court below, its general scheme is to vest "the direct and responsible control of municipal legislation and management in a council composed of the mayor and four councilmen (see Com. v. Elbert, 244 Pa. 535)," the right granted by Article XIX being "an exceptional one concerning which the familiar rule obtains that he who relies upon an exception in the law must bring himself squarely and fully within it." Nevertheless, the new

features of the act, i. e., the initiative and referendum, should be given a fair opportunity for trial; to accomplish this, however, in every case, each must be kept within its own domain of usefulness, otherwise a hopeless state of confusion, tending to cause them both to fall into disrepute, is apt to arise, not because of any inherent weakness in either, but rather owing to the encroachment of one upon the other. The act in question, like many other attempts to legislate upon advanced lines, gives evidence of having been drawn hastily and without any serious effort to coordinate its various parts; but, under such circumstances, it is the office of the judiciary to apply the established rules of law and construction, and, when possible, to reconcile the various legislative provisions, so that all may stand together and yet each operate within its own field. The court below attempted to accomplish this result, and we are not convinced that it erred in the conclusion that, under the facts at bar, the initiative was not a permissible or proper remedy.

It is to be noticed that Section 3, Article III, of the Act of 1913, supra, expressly provides that, after an ordinance annexing territory has been passed by a council of a city of the third class, "the action of said city council, after ten days, shall be final and conclusive," which means that it shall be final and conclusive as against every one, including the council itself. There is a reason for this, because, after such an ordinance actually goes into effect (as it does at the expiration of ten days unless stopped by an appeal to court or other lawful means within that time), the territory annexed becomes a portion of the city "as fully as if the same had been originally a part thereof," and, since annexation under this act works a permanent severance of former relations, should the annexed territory be disannexed, there is no provision in the law replacing it in its old association. Hence, we conclude that, under the terms of the Act of 1913, supra, while a city of the third class

may annex territory, yet, after the annexation has become fully effective, it has no power either directly or indirectly to dissever such territory; but it must be understood that, in making this decision, we are passing upon the legislation which applies to cases like the one at bar, and nothing more.

While Article XX of the Act of 1913, supra, particularly provides a method by which an ordinance can be prevented from going into operation during the pendency of an attempted referendum, yet, there is nothing in Article XIX, dealing with the initiative, under which an ordinance can be stayed from taking immediate effect at the end of ten days from its passage, and, since there is no authority to disannex territory after an annexation ordinance has actually become effective, the working of the initiative cannot give that power. All of which makes it apparent that the court below was right in deciding that the provisions of Article XIX did not apply to the facts at bar; and, so far as the present case is concerned, this is all that is necessary now to determine in connection with the subjects of the initiative and referendum.

The assignment of error is overruled and the judgment is affirmed.