LUKE H. KELTY & another *vs.* CITY CLERK OF LOWELL.

Suffolk.    January 26, 1916. — March 4, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Lowell.    Referendum.    Municipal Corporations.*

An order passed by the municipal council of Lowell to extend a certain street in
that city from one street named to another street named is not "the granting,
renewal or extending of any general franchise or general right to occupy or use
the streets, highways, bridges or public places in the city," and therefore under
the provision of the amended charter of the city of Lowell contained in St.
1911, c. 645, § 61, a petition for a referendum vote upon such order must be
filed in the office of the city clerk during the ten days next following the pas-
sage of the order, and not merely during the thirty days next following its
passage.

CARROLL, J.    This is a petition for a writ of mandamus,* to
compel the city clerk of Lowell to attach a certificate to a petition
for a referendum filed under § 61 of St. 1911, c. 645, entitled,
"An Act to amend the charter of the city of Lowell." The ques-
tion in the case is this: Was the petition filed in due time, as re-
quired by the above statute?

Section 28 of the statute declares, in substance, that any meas-
ure passed by the municipal council of Lowell, unless otherwise
provided, shall take effect at the expiration of ten days from its

———

* Reserved by *De Courcy,* J., for determination by the full court.

passage. Section 61 * gives to the qualified voters of the city the right to pass on certain measures enacted by the municipal council, but, in order to present the question to the voters for decision, certain conditions, mentioned in the statute, must be complied with.

One condition is that a petition must be filed in the office of the city clerk. This petition, under the section last referred to, in the case of the granting, renewal or extension of a general franchise or general right to occupy or use the streets of the city, must be filed within thirty days. In all other matters, so far as here material, the petition must be filed within ten days next following the passage of the measure.

On November 16, 1915, the municipal council of Lowell passed an order to borrow $71,000 for the construction and extension of Dummer Street. November 18, 1915, the municipal council passed an order to extend Dummer Street from Market Street to Merrimack Street. Within thirty days after the passage of the order of November 18, 1915, but not within ten days thereafter, the petition relied on in this case was filed in the city clerk's office. The petitioners contend it was seasonably filed.

The right to review the action of the municipal council of the city of Lowell is given by the Legislature, and to exercise it the terms and conditions of the grant must be followed. There can

---

* The first part of that section is as follows: "Section 61. If, during the ten days, or in case of the granting, renewal or extending of any general franchise or general right to occupy or use the streets, highways, bridges or public places in the city, if during the thirty days next following the passage of any measure by the municipal council except an order, resolution or vote for the immediate preservation of the public peace, health or safety as provided in section twenty-seven of this act, a petition, signed by a number of voters of said city qualified to vote at city elections, equal to at least fifteen per cent of the aggregate number of votes cast for candidates for mayor at the last preceding annual city election at which a mayor was elected, and protesting against the passage of such measure, shall be filed in the office of the city clerk, such measure shall be suspended from going into operation, and it shall be the duty of the municipal council to reconsider the same, and if it is not wholly repealed, the municipal council shall submit it, as is provided in subdivision (*b*) of section sixty, to the qualified voters of the city, and the said measure shall not go into effect or become operative unless a majority of the voters, qualified as aforesaid, voting on the same shall vote in favor thereof."

be no such reconsideration of the order in question unless the petition was filed within the proper time. The time mentioned in the statute is a matter of importance. It is mandatory, not merely directory, and must be obeyed.

If the order of November 18, 1915, amounted to the concession of a general franchise, a right to occupy or use the highways and public places of the city of Lowell, the petition was filed within the time required by law. The measure in question was not such an order. It was an order to extend Dummer Street from Market Street to Merrimack Street for the common convenience, to take in fee by right of eminent domain certain therein described parcels of real estate and awarding damages for the land so taken. Such an order is clearly not the gift of a franchise or privilege to an individual or corporation to use the streets of the city of Lowell.

As the requirement of the statute with respect to time was not observed, the city clerk could not attach a certificate of "sufficiency" to the petition, and it is now unnecessary to decide whether a certificate of "insufficiency" should have been attached thereto, in view of this delay on the part of the petitioners.

Because the petition under § 61 of the charter was not filed in the office of the city clerk within the time required thereby, this petition for a writ of mandamus must be denied.

*So ordered.*

*J. J. O'Connor*, for the petitioners.

*J. J. Hennessy*, for the respondent.