By the Court.
 

 The relator filed his action in this court seeking an order in mandamus, and the cause was submitted upon the amended and supplemental petition, the answer of the defendant, and the reply thereto. It is alleged in the petition that on June 12, 1926, the department of the state board of health, finding that the public water supply for the city of Fremont was impure and dan-, gerous to health, ordered the city to change the source of its water supply or install purification
 
 *470
 
 works satisfactory to the director of health, and that said director of health fixed the date of compliance with such order as of June 11, 1927.
 

 It appears from the pleadings that on June 15, 1926, an ordinance was introduced in the city council providing for the issuance of $180,000 of the bonds of the city to pay the costs and expenses of installing a filtration plant for the purification of the water supply of the city. There was a provision in the ordinance declaring it to be an emergency and in the interest of public health and safety. This ordinance was read three times, and on the third reading, to wit, on June 29, 1926, the same was adopted by more than a two-thirds vote of all members elected to the council. No referendum was had upon that ordinance. On June 28, 1926, more than 10 per cent, of the duly qualified electors of the city duly filed an initiative petition, providing for the drilling of additional deep wells, and for change of the source of the city’s water supply from Sandusky river to certain deep wells then owned by the city and to such other wells as might be necessary for the city’s needs. On November 2, 1926, at a general election said initiated ordinance was submitted to the electors of the city, was approved by the required vote therefor, and was certified to the city auditor. Prior to this election, to wit, on August 3, 1926, the city council passed another ordinance declaring it to be an emergency measure authorizing the director of public service to advertise for bids and to enter into a contract for the construction of said filtration plant; and on September 8, 1926, a contract therefor was awarded in accordance with plans
 
 *471
 
 and specifications approved by tbe State Board of Health.
 

 The prayer of the petition in mandamus asks this court for an order directing the defendants to employ an experienced deep well driller and contractor for the purpose of drilling wells and constructing an emergency reservoir and equipment, as provided in the initiative ordinance adopted by the electors on the 2d day of November, 1926.
 

 The filing of the initiative petition on June 28, 1926, was simply an effort to nullify the action of the city council in respect to its policy relating to the construction of a filtration plant. The only method by which the legislation of the city council could be annulled, under our present Constitution, would be by the employment of the referendum, not the initiative. However, since the city council declared the measure to be an emergency and in the interest of public health and safety, and that is conceded, there could be no referendum. The effect of the initiative petition and its subsequent adoption by the people would be nothing less than a referendum upon the measure adopted by the city council. It is the invoking of initiative legislation as a substitute for and in lieu of a referendum; it is an attempt to repeal legislative action by invoking initiative action.
 

 It is the plain duty of the court to preserve and to enforce the reservations of power on the subject of initiative and referendum, as the Constitution provides, but the use here sought to be made of the initiative is out of accord with and destructive of both the letter and the spirit of these reservations in the Constitution. Manifestly, if the
 
 *472
 
 framers of the Constitution had intended any such use to be made of the right of initiative in legislation as here attempted, they would have so stated in plain terms.
 

 Holding these views, we do not pass upon the other legal questions presented and argued. The writ will be denied.
 

 Writ denied.
 

 Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.