Stephenson, J.
 

 The primary question of law involved herein arises from the complaint of plaintiff in error that the method provided and followed for the purpose of abolishing the city charter of the city of Youngstown is not in conformity with Sections 8 and 9 of Article XVIII of the Constitution of Ohio.
 

 It is also insisted that defendants in error have no lawful right to submit the.proposal to abolish the city charter in accordance with the provisions of Section 82 of the Charter and Sections 4227-1 to 4227-13, General Code.
 

 Section 82 of the Charter in effect preserves the provisions of the General Code of Ohio as an integral part of the charter, except that the number of electors necessary to initiate a petition is reduced from six per cent, to three per cent.
 

 It further provides that such petitions shall be filed with the city clerk, and that council shall provide, amongst others, forms for the initiative, to be kept by the clerk for the use of the citizens of the city, who are permitted to secure them under reasonable rules and regulations, to be prescribed by council by ordinance.
 

 
 *201
 
 No provision is made in the city charter for its abolition.
 

 Sections 4227-1 to 4227-13, General Code, Section 82 of the city Charter, and Section
 
 If
 
 of Article II of the Constitution of Ohio, are relied upon as granting plenary powers to the electors of the city of Youngstown to abolish.its charter.
 

 The people of Youngstown would be in a sorry plight if the people of the state of Ohio, by constitutional and legislative juggling, have placed them in a position that they cannot abolish their charter, regardless of how odious the charter form of government has become. If such were true, the people of Youngstown would be required to cajole the Legislature into calling a constitutional convention, or wait until 1952, and even at that time they would be at the mercy of the people of the state.
 

 It is the policy of our government, federal and state, to at all times enlarge the powers of the people in matters of local self-government, rather than restrict them.
 

 Section 2 of Article I of the Constitution of the state of Ohio makes this policy manifest in the following words:
 

 “All political power is inherent in the people; Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary * *
 

 It may be argued that this constitutional provision applies to the people of the state as a whole, and not to the people of a municipal corporation. It is quite true that municipal corporations are creatures of the state, having only such powers as are expressly conferred by the state, together with such incidental powers as are necessary to carry the express powers into execution. The state has seen fit, through constitutional provision and legislative enactment, to give
 
 *202
 
 to the people of municipal corporations who see fit to take advantage of such provisions the greatest possible quantum of power of self-government.
 

 The delegation of the power to adopt a particular-form of self-government would prove a shackle to a free people, if the power to abolish it when it became subversive of the purposes of its adoption was withheld.
 

 When such a question is presented to any court in this country, it is the duty of such court as well to uphold the power of the people to abolish a form of government that has become distasteful to them as to uphold the power to adopt it, if it can be done under the Constitution and the law.
 

 Sections 3, 7, 8 and 9 of Article XVIII of the Constitution of Ohio are cited for what they do not contain in the way of making provision for abolition of the city charter in question; and it must be admitted that these sections bear out the contention of counsel citing them.
 

 Defendants in error in the courts below went to Section 82 of the city Charter, Sections 4227-1 to 4227-13, General Code, and Section 1/ of Article II of the Constitution of Ohio, for their salvation — and found it.
 

 The question before this court is whether or not these provisions constitute a sufficient warrant in law to uphold the judgments of the courts below.
 

 The charter rededicated itself to the provisions, of the General Code of Ohio with the exceptions herein-before referred to.
 

 Section 1/ of Article II of the Constitution reads as follows: “The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law.”
 

 Here we find a delegation of power to the Legis
 
 *203
 
 lature to provide how the initiative and referendum powers that were reserved to the people of each municipality may he applied on such questions as they were then or might thereafter be authorized to control by legislative action.
 

 It is insisted that this is not 'an automatic or self-executing section of the Constitution — and that is correct.
 

 Legislation was necessary, and it was forthcoming in Sections 4227-1 to 4227-13, General Code.
 

 In summing up these sections, we find they were enacted for the very purpose of supplying the needs of a charter city that had through inadvertence or otherwise failed to provide in its charter for its own legislation. This is manifest from Section 4227-12, which provides that Sections 4227-1 to 4227-13, General Code, shall not apply to any municipality that has or may hereafter adopt its own charter which contains an initiative and referendum provision for its own ordinances and other legislative measures.
 

 Under these sections, the city of Youngstown can pass any ordinance, however comprehensive, that it could pass were it not a charter city.
 

 Were it not a charter city, it could by constitutional provision adopt a charter. Being a charter city without an initiative and referendum provision for its own ordinances and other legislative measures, by going to the General Code it can provide the means and method of abolishing such charter.
 

 This contention is strengthened by the fact that the Charter itself, Section 82, adopts these provisions of the General Code.
 

 It is the holding of this court that the people of the city of Youngstown thus had ample power to submit the proposal in question, even though it entails the complete abolition of the city charter; that such action is not in derogation of any provision of the Constitution of the state of Ohio. Neither is the proposal
 
 *204
 
 invalidated by reason of its failure to provide for the city government after December 31,1933.
 

 This holding disposes, of all except the eighth, ninth and tenth assignments of error made by the plaintiff in error. We fail to find wherein any deception was practiced upon the signers of the petitions. The learned Court of Appeals passed upon the legal sufficiency of the petitions, and we shall not disturb that finding.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Jones, Matthias, Bevis and Zimmerman, JJ., concur.