Stewart, J.
All parties to this controversy agree that the sole question to be determined is, was the referendum petition filed with the city auditor within the time required by law?
Initiative and referendum procedures in Ohio are governed by Article II of the Constitution of the state, and, so far as they apply to state laws, the provisions in Article II are self-executing.
Certain laws, such as those providing for tax levies and appropriations for current expenses of the state government, and emergency laws necessary for the immediate preservation of the public- peace, health, or safety go into immediate effect upon passage and are not subject to referendum.
With reference to the initiative and referendum power of municipalities, Section If, Article II of the Constitution, provides :
“The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law.”
This provision of the Constitution is not self-executing (Shryock, a Taxpayer, v. City of Zanesville, 92 Ohio St., 375, 383, 110 N. E., 937; City of Youngstown v. Craver et al., Board of Elections, 127 Ohio St., 195, 203, 187 N. E., 715), and, therefore, where a municipality has not adopted its own system for the initiative and referendum, -which under the home-rule provisions of the Constitution it may do, it is limited in the exercise of the initiative and referendum power to the provisions of the Revised Code. Cf. State, ex rel. Huckestein, City Recorder, v. Poulsen, 140 Ore., 623, 15 P. (2d), 372; Whitson v. City of Kingfisher, 176 Okla., 145, 54 P. (2d), 616; and Seufert v. Stadelman, 178 Ore., 646, 167 P. (2d), 936.
The provisions enacted by the General Assembly with reference to the initiative and referendum in municipal corporations are contained in Sections 731.28 to 731.41, inclusive, Re *250 vised Code, and where a municipality has not adopted its own charter containing an initiative and referendum provision for its ordinances and other legislative measures, as provided in Section 731.41, Revised Code, and since Section If, Article II of the Constitution of Ohio, is not self-executing, such municipality has no referendum power beyond that provided for by the General Assembly.
Section 731.29, Revised Code, provides in paid as follows :
“Any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum except as provided by Section 731.30 of the Revised Code. [Section 731.30 exempts certain ordinances from the referendum, to wit, emergency ordinances and those providing for appropriations for current expenses of the municipal corporation and for certain street improvements.] No ordinance or other measure shall go into effect until 30 days after it is filed with the mayor of a city or passed by the legislative authority of a village, except as provided by such section.
“When a petition, signed by 10 per cent of the number of elctors who voted for Governor at the next preceding general election for the office of Governor in the municipal corporation, is filed with the city auditor or village clerk within 30 days after any ordinance or other measure is filed with the mayor or passed by the legislative authority of a village, ordering that such ordinance or measure be submitted to the electors of such municipal corporation for their approval or rejection, such auditor or clerk shall, after 10 days, and no later than four p. m. of the 90th day before the day of the election, certify the petition to the board of elections. The board shall submit the ordinance or measure to such electors, for their approval or rejection, at the next succeeding general election, in any year, occurring subsequent to 90 days after the certifying of such petition to the board of elections.”
The time within which a referendum petition must be filed is mandatory as all the constitutional or statutory provisions with reference to such filing must be fulfilled in order that the referendum petition be valid. See State, ex rel. Greenlund, v. Fulton, Secy. of State, 99 Ohio St., 168, 124 N. E., 172; Switzer *251 v. State, ex rel. Silvey, 103 Ohio St., 306, 316, 133 N. E., 552; Ferle v. Parsons, 210 Mich., 150, 177 N. W., 397; Kelty v. City Clerk, 223 Mass., 369, 111 N. E., 857; and Carriere v. Board of Registrars of Voters of Fitchburg, 257 Mass., 287, 153 N. E., 564.
As has been stipulated in the present case, the ordinance with which we are concerned was filed with the mayor on September 18, 1954. He vetoed it on September 24 and returned it to council with his objections and without his approval. Council reconsidered the ordinance and approved it by a vote of two-thirds of its members on October 18, 1954.
The referendum petition was filed with the auditor on November 12, 1954, which was more than 30 days after the ordinance had been filed with the mayor but less than 30 days after it had been passed over the mayor’s veto.
The Court of Appeals, relying on the cases of State, ex rel. City of Middletown, v. City Commission of City of Middletown, 140 Ohio St., 368, 44 N. E. (2d), 459; and State, ex rel. Sharpe, v. Hitt, Aud., 155 Ohio St., 529, 99 N. E. (2d), 659, both of which cases hold that initiative and referendum provisions shall be liberally construed and promoted rather than obstructed, read into Section 731.29, Revised Code, a provision which is not there, namely, that, if the mayor of a municipality vetoes an ordinance and returns it to council and council ropasses it over his veto, the time for filing a referendum .petition with the auditor dates not from the filing of the ordinance with the mayor but from the repassage of the ordinance over the mayor’s veto.
We are of the opinion that neither the Middletown case, supra, nor the Sharpe case, supra, justifies any such legislative usurpation by the courts. The Middletown case, in construing a city charter provision, holds simply that, where a referendum petition is addressed to the city commission, is accompanied by a letter of submission likewise addressed, and is filed with the city clerk within 30 days after the passage of such ordinance, which clerk accepts the same for and in behalf of the commission and issues a receipt therefor, his signature thereto being accompanied by the seal of the city, and thereupon duly transmits the petition to the city commission, which commission at *252 its first meeting thereafter approves and confirms the action of the clerk in snch respects by receiving and acting upon such petition without question or objection, there is a sufficient compliance with a constitutional provision requiring such petition to be filed with the executive authority of the municipality.
There can be no question of the correctness of such a decision under the liberal construction of the initiative and referendum provisions of the Constitution.
In the Sharpe case, this court decided simply that, where an ordinance has been passed by a municipality, with an emergency clause so that it is not subject to referendum, the citizens of the municipality can take advantage of the initiative power provided for by Section 4227-1, General Code (Section 731.28, Revised Code), and initiate an ordinance to repeal the first ordinance.
This court held that, since the initiative applies to ordinances and other measures which can be enacted by a city council, and since such council has the power to pass an ordinance repealing a previous ordinance, such a repealing ordinance can be submitted to the electors under an initiative petition. It would seem there can be no question of the soundness of this rule.
However, there is no subject upon which courts over the land have spoken so frequently as the invasion of the powers of one branch of government by another. Both historians and students of government have universally proclaimed that the constitutional separation of the powers of the legislative, executive and judicial branches of the government is one of the main factors in the superiority of the American over other forms of government. Courts have always been jealous of their own prerogatives and have resisted encroachment upon them by the legislative and executive branches of government, and, likewise, have always said that the judicial branch is going beyond its powers when it attempts to legislate.
In the present instance, the only provision for the filing of a referendum petition in a city is that it shall be filed with the city auditor within 30 days after the ordinance is filed with the mayor. There is no provision whatsoever as to filing a referen *253 dum petition within 30 days after an ordinance has been passed over a mayor’s veto. If it is impracticable or impossible to file such a petition after the repassage of such an ordinance, a situation is created for which no legislative provision has been made, just as a referendum petition can not be filed with reference to an emergency ordinance, and it is the law that the courts can not inquire into the facts of the emergency as set up in the ordinance. Shryock, a Taxpayer, v. City of Zanesville, 92 Ohio St., 375, 110 N. E., 937; Vansuch, Dir. of Public Safety and Service, v. State, ex rel. Fetch, 112 Ohio St., 688, 148 N. E., 232; Holcomb, Aud., v. State, ex rel. Coxey, Sr., 126 Ohio St., 496, 186 N. E., 99; State, ex rel. City of Fostoria, v. King, Aud., 154 Ohio St., 213, 94 N. E. (2d), 697.
Where no provision has been made for the filing of a referendum petition, such a provision can not be made by the courts; it must come from the General Assembly.
In order to affirm the judgment of the Court of Appeals, it would be necessary for us to hdd to the provision in Section 731.29, Revised Code, “When a petition * * * is filed with the city auditor * * * within 30 days after any ordinance or other measure is filed with the mayor,” the following words, “or in case the mayor has vetoed the ordinance or any measure and returned it to council, such a petition may be filed within 30 days after the council has passed the ordinance or measure over his veto.”
Such a procedure would be a fantastic usurpation by the courts of legislative prerogatives.
It may seem unfair to plaintiff that, as to the element of time, a compliance with the statute makes it impracticable for him to file a referendum petition. However, since the constitutional provision for a municipal referendum is not self-executing, and since the General Assembly has not provided a method for a referendum in plaintiff’s particular situation, his only recourse with reference to the people of his city deciding against the ordinance of which he complains is through the method of an initiative petition, as was the situation in the Sharpe case, supra, where a city council had passed an ordinance with an emergency clause, and legislation to repeal such *254 ordinance was initiated under Section 4227-1, General Code (Section 731.28, Revised Code).
In view of what we have said, the judgment of the Court of Appeals is reversed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.