The STATE of Ohio, Appellant,

v.

CLAWSON, Appellee.

[Cite as *State v. Clawson* (1992), 81 Ohio App.3d 242.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005126.

Decided Jan. 8, 1992.

*Mark A. Aufdenkampe,* Sheffield Lake Prosecutor, for appellant.

*Russell T. McLaughlin,* for appellee.

CACIOPPO, Presiding Judge.

The appellee, Alan A. Clawson, was charged with one count of parking a commercial trailer on residential property, in violation of Sheffield Lake Ordinance 351.19. Clawson filed a motion to dismiss contending, *inter alia,* that the ordinance under which he was charged was a zoning ordinance which was not passed in compliance with the city charter, that he had established a

valid nonconforming use, and that the ordinance was an unreasonable exercise of police power.

The trial court reviewed the issue upon the briefs and stipulations of the parties. The trial court, in a brief entry, held that the "City Ordinance 351.19 is an attempt to zone real property without the formality of passage" and dismissed the case against Clawson.

### Assignment of Error

"The trial court erred when it found that Section 351.19 of the Codified Ordinances of the City of Sheffield Lake was an attempt to zone real property without the formality of passage."

The subject ordinance in the case at bar provides in part:

"Section 1. No person shall park a commcial [*sic*] tractor, trailer, semi-trailer, pole trailer, tractor trailer, dump trucks or any combination of the foregoing within any residential district of the municipality at any time except for purposes of making deliveries and/or making pickups within such residential districts within the municipality of the City of Sheffield Lake, Ohio.

"Section 2. Section 1 of this Ordinance shall be incorporated into and is hereby made a part of the Codified Ordinances of the City of Sheffield Lake, Ohio, and shall be titled Codified Ordinance Section 351.19 and shall be a part of Chapter 351 of the Codified Ordinances of the City of Sheffield Lake, Ohio.

"Section 3. It is found and determined that all formal actions of this Council concerning and relating to the adoption of this Ordinance were adopted in an open meeting of this Council, and that all deliberations of this Council and any of its committees which resulted in such formal actions, were in meetings open to the public, in compliance with all legal requirements, including Section 121.22 of the Ohio Revised Code."

The city of Sheffield Lake contends that this ordinance is a regulatory measure rather than a zoning measure, and that as such it did not have to be passed in accordance with zoning regulations and that the existence of a valid non-conforming use is of no consequence.

As previously stated by this court:

"While pre-existing non-conforming uses may continue to be operated in spite of a zoning ordinance subsequently enacted which prohibits the establishment of new uses of the same kind or new structures of the same bulk or location, a regulatory ordinance enacted under the general police power envisions no such exceptions. 4 Rathkopf, The Law of Zoning and Planning (1983) 51–43, Section 51.06[1]. Regulatory ordinances will apply regardless of the length of time the use has existed. Problems arise when local legislative bodies, in imposing further regulation of uses within the community, do not

distinguish between (1) a zoning provision enacted under the authority of the zoning enabling act and intended to regulate where a use may be conducted and the physical characteristics of the structures in which it is to be carried on, and (2) a regulatory ordinance enacted under the general police power setting forth the manner in which the use may be carried on.  Rathkopf at 51–45.  Thus, the task a court faces is distinguishing between the two types of legislation in order to decide whether the alleged violator is excused from compliance due to having a pre-existing non-conforming use."  *Brunswick v. Schultz* (Dec. 4, 1985), Medina App. No. 1422, unreported, 1985 WL 4048;  see, also, *Sheffield Village v. Fraley* (May 23, 1990), Lorain App. No. 89CA004662, unreported, 1990 WL 72337.

We have reviewed the record and believe that the trial court erred in dismissing the charge against Clawson.  The ordinance in question, rather than regulating where a use may be conducted and the type of physical structures on which it is to be carried on, is a regulatory ordinance enacted under the police power of Sheffield Lake.  As the measure was a regulatory ordinance addressed to the manner in which the use was to be carried on, the trial court erred in dismissing the case against Clawson.

The assignment of error is well taken.

The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE and COOK, JJ., concur.