This appeal arises from the consolidated cases of appellants, Anthony R. and Sonia M. Donsante, husband and wife, and Martha A. and Gilbert C. Foster, wife and husband. The Donsantes and Fosters both appeal the judgment of the Lake County Court of Common Pleas, which upheld an ordinance enacted by appellee, the City of Wickliffe, to regulate the parking of recreational vehicles in front yards of residential districts.
Appellants purchased motor homes prior to April 26, 1993. Because of the layouts of their properties, they were unable to park their vehicles in their side or back yards. To comply with Wickliffe's existing parking and zoning ordinances, appellants constructed cement parking areas in front of their homes to accomodate their recreational vehicles. Until April 26, 1993, they were not in violation of any City of Wickliffe ordinance. On April 26, 1993, appellee passed Ordinance No. 1993-2, which amended Wickliffe Codified Ordinance Section 351.16.
Appellee amended the ordinance, a parking regulation, to provide a more concise definition of the term "front yard." The ordinance defined "front yard" as the "area of the lot which is bounded by a line extended through the front wall of the residential structure to the side lot lines, the side lot lines and the street right-of-way line." With regard to motor homes, the ordinance provided that "[p]arking of vehicles licensed by the Ohio Registrar of Motor Vehicles as motor homes, house vehicles, boats or boat trailers, in front yards * * * between the hours of 9:00 p.m. and 6:00 a.m. is prohibited." Under the new ordinance, appellants were in violation, and received numerous citations from the Wickliffe police. On May 20, 1994, the Willoughby Municipal Court determined that the ordinance was passed invalidly and dismissed the citations.
On December 20, 1994, appellee passed Ordinance No. 1994-34, which amended Wickliffe Codified Ordinance Section 1321.50, a planning and zoning regulation. This ordinance set forth a definition for "front yard" identical to section 351.16 and regulated the parking of recreational vehicles in the front yard of residential lots. The Lake County Court of Common Pleas determined, pursuant to the complaint for declaratory judgment filed by appellants, that this ordinance was invalid because it was passed without complying with the city's charter. Specifically, the city had failed to provide notice of a public hearing or to refer the ordinance to the planning commission.
Appellee submitted Ordinance No. 1996-2 ("the ordinance"), which was similar to Ordinance No. 1994-34, to the city's planning commission, on January 8, 1996. It defined "recreational vehicles" as travel trailers, pick-up campers, motorized homes, folding tent trailers, boats, and boat trailers, and prohibited them from being parked or stored in the front yards of residential districts. The ordinance also required that trucks and other vehicles exceeding three-quarter ton in rating capacity must be parked in enclosed structures. On February 1, 1996, the planning commission recommended that the ordinance be approved. On February 26, 1996, appellee published in the News-Herald, a newspaper of general circulation, notice of a public hearing concerning the ordinance, as required by Wickliffe Codified Ordinance 1341.40. This notice stated:
 "This hearing will concern the provisions of Ordinance No. 1996-2 which, if adopted, will amend Section 1321.50 to the Codified Ordinances to regulate the parking of recreational vehicles on residential property throughout the city. The proposed amendment will prohibit parking of such vehicles in that area of residential property between a line extending through the front wall of a residential structure to the street right-of-way limit."
Pursuant to the notice, a public hearing was held on April 1, 1996. The ordinance was passed by City Council, on April 22, 1996, and approved by the mayor on April 29, 1996. It was never submitted to the voters for approval.
Upon the enactment of Ordinance 1996-2, appellants filed a supplemental complaint seeking to have it declared invalid and unconstitutional. On February 12, 1998, the trial court ruled that the ordinance was valid and constitutional.
Appellant raises the following assignments of error:
 "[1.] The trial court erred to the appellants' prejudice in finding that the summary published by the appellee, when enacting ordinance no. 1996-2, complied with codified ordinance no. 1341.40.
 "[2.] The trial court erred to appellants' prejudice in finding that the appellee did not have to comply with article XI, section 3, of the Charter of the City of Wickliffe requiring a public vote on any zoning ordinance changing the uses permitted in any zoning classification.
 "[3.] The trial court erred to appellants' prejudice when it ruled that ordinance no. 1996-2 had a reasonable relationship between the health, safety and general welfare of the city.
 "[4.] The court erred to the appellants' prejudice when it ruled that the appellants did not have a non-conforming right to continue the use of their private property as they did prior to the enactment of ordinance no. 1996-2.
 "[5.] The trial court erred to the prejudice of the appellants when it concluded that the prohibitions of ordinance no. 1996-2 were not capricious, arbitrary, confiscatory and discriminatory."
In their first assignment of error, appellants assert that the ordinance is invalid because appellee failed to publish a notice of the public hearing with a summary sufficient to apprise all who may be affected by the ordinance, in compliance with codified ordinance no. 1341.40. They argue that the notice was sufficient to inform owners of "recreational vehicles," but not owners of travel trailers, pick-up campers, folding tent trailers, boats, boat trailers, and trucks exceeding a three-quarter ton rating capacity. Appellants reason that, because all who were potentially affected were not informed of the hearing, there was not a fair public debate on the ordinance and it was, therefore, invalidly passed.
The term "recreational vehicle" is defined by R.C. 4501.01(Q) as including travel trailers, motor homes, truck campers, fifth wheel trailers, and park trailers. These terms are defined in the statute in a substantially similar manner to many of the terms in the ordinance. Use of the term "recreational vehicles" in the notice was sufficient to put owners of most of the types of vehicles defined by the ordinance on notice of a need to further investigate the ordinance or attend the public hearing. However, nothing in any statutory definition of "recreational vehicle" would imply that the term includes boats, boat trailers, or trucks and other vehicles exceeding a three-quarter ton rating capacity.
"A public hearing is one where members of the general public may speak and express their views on the question of governmental, political and policy considerations as to whether certain legislation should be adopted." In re Rocky Point Plaza Corp.
(1993), 86 Ohio App.3d 486, 491, 621 N.E.2d 566. Sufficient notice of a public hearing to interested parties is a prerequisite to validity of an ordinance amending Wickliffe's zoning regulations. Because appellee failed to provide notice to owners of boats, boat trailers, and vehicles exceeding three quarter ton rating capacity, they deprived appellants and the city of a full public hearing where all interested parties could present arguments for and against the ordinance. Therefore, appellee did not complete the proper steps in order to enact the ordinance and it is invalid. Appellants' first assignment of error has merit.
In their second assignment of error, appellants assert that the trial court erred by concluding that appellee was not required, by Article XI, Section 3 of the city charter, to submit the ordinance to a public vote.
Article XI, Section 3 states:
 "Any ordinance, resolution or legislation which effects a change in the existing zoning classification or district of any property, or which changes the uses permitted in any zoning classification or district, or which otherwise provides for a change in the use of any property within the City of Wickliffe shall not go into effect until approved by a majority of those electors of the City of Wickliffe voting upon it at the next succeeding general election, primary election, or special election occurring more than sixty days after the passage of such ordinance, resolution or legislation."
Appellee argues that the ordinance was a regulatory ordinance, not a zoning ordinance, and did not require a public vote. The trial court reasoned that, although there was no dispute that the ordinance was a zoning amendment and that it was not submitted to the voters for approval, the city was not required to submit it to the voters. In so determining the court wrote:
 "[T]he ordinance does not bar the parking and storage of recreational vehicles but only controls the time, place and manner of such use. As such, it was regulatory rather than prohibitory. In addition, it has only a limited effect on an ancillary use of property, particularly since the storage of RV's is not a customary residential activity. Because the amendment did not change a use permitted in a zoning classification but only imposed reasonable conditions on a use to mitigate its impact upon the surrounding neighborhood, the amendment was not required to be submitted to the voters of Wickliffe."
Where a city charter provision requires zoning changes to be approved by referendum, the city is required to submit the issue to the voters before such changes may be enacted. See City ofEastlake v. Forest City Enterprises, Inc. (1976), 426 U.S. 668,672-675, 96 S.Ct. 2358. Any ambiguity in a charter provision should be liberally construed in favor of permitting the people to vote on the issue. State ex rel. Sharpe v. Hitt (1951), 155 Ohio St. 529,535, 99 N.E.2d 659.
Though regulations concerning off-street parking of recreational vehicles can be treated as regulatory ordinances, seeState v. Clawson (1992), 81 Ohio App.3d 242, 610 N.E.2d 1048, appellee has chosen to treat it as a zoning issue. Its charter requires that "any ordinance that changes the uses permitted in any zoning classification or district, or which otherwise provides for a change in the use of any property within the City of Wickliffe" must be submitted to the voters. It gives broad power to the voters of Wickliffe and does not distinguish between whether a change is regulatory or prohibitory or whether a use is ancillary or not. Therefore, before it could adopt the ordinance, appellee was required to submit it to the voters. Since it did not, the ordinance was not properly enacted. The trial court erred by not declaring it invalid; appellants' second assignment of error has merit.
Because appellants' third, fourth, and fifth assignments of error are moot, we will not rule on the constitutionality of the ordinance. However, similar ordinances have been upheld as constitutional. See Pepper Pike v. Landskroner (1977), 53 Ohio App.2d 63,371 N.E.2d 579.
We reverse the judgment of the trial court and hold that Ordinance No. 1996-2, which amended Wickliffe Codified Ordinance Section 1321.50, was enacted in violation of Wickliffe's charter and zoning regulations and is, thus, invalid.
We reverse and enter judgment for appellants.
 ______________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.