THE STATE, EX REL. BAILEY ET AL., *v.*
CELEBREZZE, JR., SECY. OF STATE, ET AL.

[Cite as State, ex rel. Bailey, v. Celebrezze, Jr. (1981),
67 Ohio St. 2d 516.]

(No. 81-1294—Decided September 17, 1981.)

518

*Messrs. Jones, Day, Reavis & Pogue, Mr. Harry J. Lehman, Mr. Owen L. Heggs* and *Mr. John W. Zeiger,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. Joel S. Taylor* and *Mr. Thomas V. Martin,* for respondents secretary of state, Pfeiffer, Morgan and Maurer

*Messrs. Bricker & Eckler* and *Ms. Elisabeth A. Squeglia,* for respondent Van Meter.

*Per Curiam.* The sole issue before this court is whether the proposed ballot language "is such as to mislead, deceive, or defraud the voters." Section 1, Article XVI of the Ohio Constitution.

Relators contend that the proposed ballot language should be held invalid since it misleads the voters by "improperly" implying that adoption of the amendment will both increase taxes and cause the workers' compensation system to be transformed into a "profit-making enterprise." On the other hand, respondents, except for Van Meter, argue, first, that the ballot language properly identifies the substance of the proposal, and, second, that the alleged defects in the ballot language are "too technical and insubstantial to support" relators' claim.

In order to pass constitutional muster, "[t]he text of a ballot statement***must fairly and accurately present the question or issue to be decided in order to assure a free, intelligent and informed vote by the average citizen affected." *Markus* v. *Bd. of Elections* (1970), 22 Ohio St. 2d 197, paragraph four of the syllabus.

In resolving the issue herein presented, we recognize the difficulty inherent in formulating ballot language which properly describes any given proposed constitutional amendment. We are also cognizant of the fact that the test for determining the validity of proposed ballot language is not whether the members of this court might have used different words to describe the language used in the proposed amendment, but, rather, whether the language adopted by the ballot board properly describes the proposed amendment. *State, ex rel. Foreman,* v. *Brown* (1967), 10 Ohio St. 2d 139, 150.

Because of the relative uniqueness of each case and the necessarily subjective nature of any synopsis of a given statute or constitutional amendment, it is difficult to establish firm criteria against which the decisions of the ballot board may be measured. Nevertheless, such criteria do exist and it is appropriate to state that the following are generally applicable to cases of this nature. First, a voter has the right to know what it is he is being asked to vote upon. *State, ex rel. Burton,* v. *Greater Portsmouth Growth Corp.* (1966), 7 Ohio St. 2d 34, 37. Second, use of language which is " 'in the nature of a persuasive argument in favor of or against the issue***' " is prohibited. *Beck* v. *Cincinnati* (1955), 162 Ohio St. 473, 474-475. And, third, "the determinative issue***is whether the cumulative effect of these technical defects [in ballot language] is harmless or fatal to the validity of the ballot." *State, ex rel. Williams,* v. *Brown* (1977), 52 Ohio St. 2d 13, 19; *State, ex rel. Commrs. of the Sinking Fund,* v. *Brown* (1957), 167 Ohio St. 71.

Testing the proposed ballot language in light of these criteria, it appears that the same is invalid in two respects. First, use of the word "presently" in conjunction with the phrase "at no cost to the Ohio taxpayers," in the second paragraph of the proposed ballot language, creates the clear impression that, if the amendment is adopted, Ohio taxpayers

will be required to bear some of the cost of providing protection to injured workers. This statement creates more than a mere inference that such will transpire. It is in the nature of an argument against adoption of the amendment. While we are reluctant to read too much into this statement, this court is fully aware that effective arguments can be made as easily by what is said as by what is left unsaid, or implied.

The second prong of relators' attack is upon the first phrase in the third paragraph of the proposed ballot language: "This proposed amendment would change the existing nonprofit Ohio workers' compensation system***." Respondents urge that "***[t]he ballot language does not state that the proposed amendment would change either the existing state fund or the level of the benefits. It states that it would change the existing system***."

This language is subject to the same criticisms as the language contained in paragraph two of the proposed ballot language. The clear inference to be garnered from a perusal of the language is that the "non-profit" system would be changed into something else; presumably, a system that is profit making. To include this language in the ballot is in the nature of an argument and misleads the voters.

We find, therefore, that the proposed ballot language, as particularly set forth above, is invalid. Accordingly, the writ of mandamus is allowed, and respondents, members of the Ohio Ballot Board, are hereby ordered to reconvene, forthwith, and adopt ballot language which properly describes the proposed constitutional amendment in order that such may appear on the ballot at the forthcoming general election.

*Writ allowed.*

CELEBREZZE, C. J., SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

W. BROWN and C. BROWN, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. I respectfully dissent. Section 1, Article XVI of the Ohio Constitution places a mandatory duty on the Ohio Ballot Board to prescribe ballot language for constitutional amendments, which "***shall properly identify the substance of the proposal to be voted

upon." In addition, this article affords original jurisdiction to this court to hear challenges to the ballot language and further provides that "***ballot language shall not be held invalid unless it is such as to *mislead, deceive,* or *defraud the voters.*" (Emphasis added.)

In light of these constitutional instructions approved by the mandate of the people of Ohio in the election of May 7, 1974, I cannot hold the proposed ballot language invalid, for it properly identifies the substance of the proposal. The contested language in the proposed amendment that the Ohio workers' compensation system presently operates at no cost to Ohio taxpayers is factually correct. No appropriations are made by the General Assembly from tax revenues to either the Industrial Commission or the Bureau of Workers' Compensation. The operating costs for these agencies are derived from assessments against employers. See, generally, R. C. 4123.341 and 4123.342. The State Insurance Fund is also maintained with monies derived from assessments against employers. R. C. 4123.29, 4123.30, 4123.34, 4123.35 and 4123.38.

Likewise, the submitted language that the proposed amendment would change the existing system by requiring the General Assembly to pass laws permitting insurance companies to sell workers' compensation coverage in Ohio is factually correct. The existing government-based system is in fact non-profit, and, currently, insurance companies are not permitted to provide such coverage.

The relators' argument, while concerned with the factual correctness of this proposed language, concentrates more specifically on the impression that the language creates. Relators contend that the proposed ballot language should be held invalid since it misleads the voters by improperly implying that adoption of the amendment will both increase taxes and cause the system to be transformed into a "profit-making enterprise."

This court has, however, previously recognized that the *possible impression* which ballot language may create in the minds of the voters is not a sufficient basis to invalidate the language. *State, ex rel. Commrs. of Sinking Fund,* v. *Brown* (1957), 167 Ohio St. 71. This court should heed the admonition of the writer and noted historian George Bancroft that "there

is no end to the difficulty in choosing language which will awaken in the reader the very same thought that was in the mind of the writer." (Cited in *State, ex rel. Commrs. of Sinking Fund*, v. *Brown, supra,* at page 74.)

This court has consistently held that although it might have used different words to describe the amendment, it will not substitute its decision for that of the ballot board so long as the language adopted properly describes the proposed amendment. *State, ex rel. Foreman,* v. *Brown* (1967), 10 Ohio St. 2d 139, at 148-149. For the reasons stated above, it is my opinion that the ballot language properly identifies the substance of the proposal and would allow the voter to identify the proposal on the ballot. The objections made by the relators to the ballot language are through implications and inferences, and are insufficient to support their claim that the language would mislead, deceive, or defraud the voters.

C. BROWN, J., concurs in the foregoing dissenting opinion.