THE STATE, EX REL. KING, *v.* CITY OF PORTSMOUTH ET AL.

[Cite as State, ex rel. King, *v.* Portsmouth (1986), 27 Ohio St. 3d 1.]

(No. 86-973—Decided October 7, 1986.)

*David W. Kuhn,* for relator.
*Richard T. Schisler,* city solicitor, for respondents.

*Per Curiam.* The Portsmouth City Charter provides:
"SECTION 20. POWER OF REFERENDUM.

"The electors shall have power to approve or reject at the polls any ordinance passed by the Council, or submitted by the Council to a vote of the electors, except an appropriation ordinance, such power being known as the referendum. * * *

"SECTION 21. REFERENDUM PETITION.

"Within thirty days after the final passage by the Council of an ordinance which is subject to referendum, a petition signed by the electors of the City equal in number to at least ten per centum (10%) of those who voted at the last preceding regular municipal election may be filed with the City Clerk requesting that such ordinance, or any specified part thereof, be either repealed or submitted to a vote of the electors. Referendum petition papers circulated with respect to said ordinance, or part of an ordinance, shall be uniform in character and shall clearly specify the ordinance, or part thereof, repeal of which is sought, but need not contain the text thereof. * * *

"SECTION 22. CONSIDERATION OF REFERRED ORDINANCE BY COUNCIL — REFERENDUM ELECTION.

"If a referendum petition, or amended petition, be found sufficient by

the City Clerk he shall certify that fact to the Council at its next regular meeting and the ordinance or part thereof specified in the petition shall not go into effect, or further action thereunder shall be suspended if it shall have gone into effect, until approved by the electors as hereinafter provided. Upon receipt of the Clerk's certificate the Council shall proceed to reconsider the ordinance or part thereof, and its final vote upon such reconsideration shall be upon the question, 'Shall the ordinance (or part of the ordinance) set forth in the referendum petition be repealed?' If upon such reconsideration the ordinance, or part thereof, be not repealed it shall be submitted to the electors at the next succeeding regular or general election held not less than thirty days after such final vote by the Council. The Council by vote of not less than all of the members elected to Council less two may submit the ordinance, or part thereof, to the electors at a special election to be held not sooner than the time aforesaid. * * *''

The only issue presented for our review is whether Ordinance No. 23 is an appropriation ordinance and not subject to the referendum. Respondents contend that it is, and thus claim they are not required to act further on the petition. Relator disagrees, contending that the funds in question were appropriated to the contingent fund at the time of the appropriation ordinance on January 14, 1986. He characterizes this ordinance authorizing a payment from the fund as only an expenditure from funds which have already been appropriated.

Relator argues that the charter distinguishes between an expenditure and an appropriation. That a distinction was intended is apparent from the charter. For instance, Section 53 is entitled, "Expenditures only Pursuant to Appropriations," and goes on to provide:

"No money shall be drawn from the Treasury of the City, nor shall any obligation for the expenditure of money be incurred except in pursuance of the annual appropriation ordinance, any preliminary appropriation ordinance passed in accordance with Section 50 of this Charter, or of the annual appropriation ordinance when changed as authorized by Section 51 hereof * * *.''

Although the words "expenditure" and "appropriation" are not defined in the charter, it is the city's practice that once a fund is appropriated, expenditures are made when the department using the funds submits a voucher for payment. According to the city's auditor, whose deposition was submitted herein, the same procedure is followed for making disbursements from the contingent fund. He also testified that he was unaware of any other situation where a disbursement from the contingent fund was made by way of an "appropriation."

City council did designate Ordinance No. 23 as an appropriation ordinance. However, council is not at liberty to use such a designation merely to avoid a referendum on legislation it passes. As the Court of Appeals for Hamilton County held in *Walsh* v. *Cincinnati City Council* (1977), 54 Ohio App. 2d 107, 111 [8 O.O.3d 208], with reference to emergency

measures, a city may not designate an ordinance as going into effect immediately "for reasons which are obviously illusory."

It is well-recognized that "* * * provisions for municipal initiative or referendum should be liberally construed in favor of the power reserved so as to permit rather than preclude the exercise of such power, and the object clearly sought to be attained should be promoted rather than prevented or obstructed." *State, ex rel. Sharpe,* v. *Hitt* (1951), 155 Ohio St. 529, 535 [44 O.O. 489].

In the case at bar, respondents have failed to supply any authority in support of their bare assertion that Ordinance No. 23 is an appropriation ordinance. Moreover, relator has established that the ordinary practice of making a disbursement from the monies appropriated to the contingent fund is not considered an appropriation.

Because the city clerk has certified the petition as valid, respondents are under a clear legal duty to reconsider the ordinance and if it is not repealed, to submit the issue to the voters. Accordingly, we allow the writ of mandamus requested and respondents are ordered to promptly reconsider Ordinance No. 23 and, in the event it is not repealed, place the referendum on the ballot for the general election to be held November 4, 1986.[2]

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

HOLMES, J., not participating.

---

[2] Section 22 of the Portsmouth City Charter provides that the referendum shall be submitted at the next regular election to be held not less than thirty days *after* city council's final vote or a special election to be held *no sooner* than that date. Thirty days are not left from the date of this decision to the date of the general election on November 4, 1986. However, we do not believe council should be permitted to delay this referendum any longer. At no time were relator or petitioners dilatory in pursuing their right to a referendum.