[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 35.]

CHRISTY ET AL. *v*. SUMMIT COUNTY BOARD OF ELECTIONS.

[Cite as *Christy v. Summit Cty. Bd. of Elections*, 1996-Ohio-357.]

*Prohibition to prevent Summit County Board of Elections from placing proposed*

*ordinance rezoning certain land in city of Green from B-2 Business Office*

*District to B-3 Retail Business District—Writ denied, when.*

(No. 96-2066—Submitted September 24, 1996—Decided October 9, 1996.)

IN PROHIBITION.

———————————

{¶ 1} In April 1996, Albrecht, Inc., requested that certain land in the city of Green, Summit County, Ohio be rezoned from B-2 Business Office District to B-3 Retail Business District so that it could build a grocery store.  The Green Planning Commission did not recommend that the rezoning request be granted.  Following a public hearing, the Green City Council defeated an ordinance which would have rezoned the land pursuant to Albrecht's request.

{¶ 2} In July 1996, in compliance with R.C. 731.32 and the Green City Charter, Linda Doerr filed a certified copy of a proposed ordinance that would rezone the subject property from B-2 to B-3.  The proposed ordinance provides:

"AN ORDINANCE AMENDING THE CITY OF GREEN ZONING MAP BY CHANGING THE CLASSIFICATION OF APPROXIMATELY 9.84 ACRES OF LAND LOCATED AT 1688-1700 BOETTLER ROAD AND 3792-3804-3820-3832 MASSILLON ROAD FROM B-2 BUSINESS OFFICE DISTRICT TO B-3 RETAIL BUSINESS DISTRICT.

"WHEREAS, Albrecht, Incorporated has options to purchase approximately 9.84 acres of land located at 1688-1700 Boettler Road and 3792-3804-3820-3832 Massillon Road and presently intends to construct, and its affiliate

The Fred W. Albrecht Grocery Company presently intends to operate, an Acme Fresh Market on the property, which requires a rezoning of the property; and

"WHEREAS, it is in the public interest to rezone the property.

"NOW, THEREFORE, BE IT ORDAINED BY ELECTORS OF THE CITY OF GREEN, COUNTY OF SUMMIT, STATE OF OHIO, THAT:

"SECTION ONE:

"The City of Green Zoning Map is hereby amended to change the classification of approximately 9.84 acres of land located at 1688-1700 Boettler Road and 3792-3804-3820-3832 Massillon Road as shown on the map attached hereto as Exhibit A from B-2 Business Office District to B-3 Retail Business District.

"SECTION TWO:

"The description of the land to be rezoned is as follows:

| 1688 Boettler Road | 3804 Massillon Road |
|---|---|
| Parcel # 28-05969 | Parcel # 28-03118 |
| 1700 Boettler Road | 3820 Massillon Road |
| Parcel # 28-03112 | Parcel # 28-03103 |
| 3792 Massillon Road | 3832 Massillon Road |
| Parcel # 28-03179 | Parcel # 28-00302 |

"SECTION THREE:

"The City of Green Zoning Inspector is hereby directed to change the official map of the City of Green in accordance with the terms of this Ordinance." The proposed ordinance also included the referenced plat map.

{¶ 3} In August 1996, seventy-four initiative part-petitions proposing the rezoning ordinance were filed with the city director of finance. The part-petitions contained a full and correct copy of the title and text of the proposed ordinance. Respondent, Summit County Board of Elections ("board") advised the director of

finance that the part-petitions contained sufficient valid signatures. Pursuant to R.C. 731.28, the director of finance certified the initiative petition to the board.

{¶ 4} Relators, Michael and Judith P. Christy, filed written protests with the board challenging the validity of the part-petitions because they allegedly contained misleading statements and material omissions and also lacked sufficient valid signatures. After the board held a hearing on the protests at which it heard testimony and argument of counsel, the board denied the protest and voted to place the proposed ordinance on the ballot for the November 5, 1996 general municipal election.

{¶ 5} Relators then filed this expedited election matter for a writ of prohibition to prevent the board from placing the proposed ordinance on the November 5, 1996 ballot. Pursuant to S.Ct.Prac.R. X(9), as amended effective April 1, 1996, which incorporates a briefing and evidence schedule in expedited election matters, the board filed an answer and the parties submitted merit briefs and evidence. See Staff Commentary to S.Ct.Prac.R. X(9). Relators also request oral argument.

————————————————

*Brown, Lundgren & Goldthorpe*, *Charles E. Brown* and *Andrew L. Zumbar*, for relators.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William E. Schultz*, Assistant Prosecuting Attorney, for respondent.

————————————————

*Per Curiam.*

{¶ 6} Relators assert that they are entitled to the requested relief in prohibition because the initiative petition language for the proposed ordinance contained argument, misleading statements, and material omissions. In order for a writ of prohibition to issue, relators must establish that (1) the board is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is legally

unauthorized, and (3) if the writ is denied, they will suffer injury for which no other adequate remedy exists. *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 45, 661 N.E.2d 699, 700.

{¶ 7} The board exercised quasi-judicial authority by denying relators' protests following an R.C. 3501.39 hearing which included sworn testimony. See, *e.g., State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291, 649 N.E.2d 1205, 1207 ("[A] writ of prohibition may issue to prevent the placement of names or issues on a ballot even though the protest hearing has been completed, as long as the election has not yet been held."). In addition, relators possess no other adequate remedy in the ordinary course of law to challenge the submission of the issue to the electors. *Id.* at 292, 649 N.E.2d at 1207-1208, quoting *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 129, 412 N.E.2d 393, 394 ("Concerning the third prerequisite for a writ of prohibition, given the proximity of the election, an injunction would arguably not constitute an adequate remedy because any 'appellate process would last well past the election.'").

{¶ 8} Therefore, the dispositive issue in this case is whether the board's exercise of quasi-judicial power in denying relators' protests and placing the proposed ordinance on the November ballot is unauthorized. A board's exercise of quasi-judicial power is legally unauthorized if it engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 72, 647 N.E.2d 769, 772. Relators claim that the board abused its discretion and acted in clear disregard of applicable law by denying their protests and submitting the proposed ordinance to the electorate at the November election.

{¶ 9} Section 10.1, Article X of the Green City Charter provides that "[t]he electors of the City shall have the same right and power to initiate or propose any ordinance or resolution as is now or may hereafter be provided by the Constitution

and laws of the State of Ohio, except as otherwise provided in this Charter." R.C. 731.28 provides that "[o]rdinances and other measures providing for the exercise of any powers of government granted by the constitution or delegated to any municipal corporation by the general assembly may be proposed by initiative petition." R.C. 731.31 provides that "[a]ny initiative or referendum petition may be presented in separate parts, but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure, and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or other measure sought to be referred." The foregoing statutory provisions apply to the initiative petition concerning the proposed ordinance. See *State ex rel. Bogart v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 554, 555, 621 N.E.2d 389, 390 (statutory procedure governing municipal initiative and referendum in R.C. 731.28 through 731.41 applied to city where charter incorporated law by reference except where it conflicted with other charter provisions).

{¶ 10} Relators claim that under the applicable legal standard, if the wording of an initiative petition is invalid because it contains misleading, inaccurate, and/or material omissions, then it may not form the basis for submission to a vote. Relators cite *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 640 N.E.2d 522; *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 12 OBR 180, 465 N.E.2d 883, and *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 51 O.O.2d 277, 259 N.E.2d 501, in support of their proposition. However, as the board notes, these cases are inapposite because they addressed the requirements for *summaries* of ordinances in zoning referendum petitions pursuant to R.C. 303.12(H) or 519.12(H). Under these statutory provisions, the obligation to summarize the contents of a rezoning resolution implicitly requires an accurate summary. *Rife*, 70 Ohio St.3d at 634, 640 N.E.2d at 524. Similarly, most of the other cases cited by

relators are not relevant because they involve constitutional, statutory, or charter provisions. See, *e.g., Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347 (ballot language of a proposed charter amendment); *State ex rel. Bailey v. Celebrezze* (1981), 67 Ohio St.2d 516, 21 O.O.3d 463, 426 N.E.2d 493 (ballot language of proposed state constitutional amendment); *State ex rel. Schultz v. Cuyahoga Cty. Bd. of Elections* (1976), 48 Ohio St.2d 173, 2 O.O.3d 372, 357 N.E.2d 1079 (zoning referendum petition); *In the Matter of the Appeal of Strader* (May 2, 1988), Delaware App. No. 87-CA-21, unreported, 1988 WL 42630 (zoning referendum petition); *Adelman v. Stark Cty. Bd. of Elections* (June 15, 1992), Stark App. No. CA-8728, unreported, 1992 WL 159816 (zoning referendum petition).

**{¶ 11}** In contrast to the foregoing cases cited by relators, there is no summary requirement for municipal initiative petitions. Instead, R.C. 731.31 requires that each initiative part-petition contain a "full and correct copy of the title and text of the proposed ordinance." Omitting the title and/or text of a proposed ordinance is a fatal defect because it interferes with a petition's ability to fairly and substantially present the issue and might mislead electors. *Thurn*, 72 Ohio St.3d at 292, 649 N.E.2d at 1208. Here, the initiative part-petitions fully complied with R.C. 731.31 because they each contained a full and correct copy of the title and text of the proposed zoning ordinance. Since relators do not argue that the part-petitions failed to satisfy any constitutional or statutory requirements applicable to municipal initiative petitions, they have failed to establish that the board acted improperly by denying their protests and placing the proposed ordinance on the November ballot. *Thurn*, 72 Ohio St.3d at 293, 649 N.E.2d at 1208, quoting *Cincinnati v. Hillenbrand* (1921), 103 Ohio St. 286, 133 N.E. 556, paragraph two of the syllabus ("'[W]here the mandatory provisions of the Constitution or statute prescribing the necessary preliminary steps to authorize the submission to the electors of an initiative statute or ordinance have been complied with, the submission will not be enjoined.'").

{¶ 12} Assuming that the legal standard applied in zoning referendum petition and ballot language cases is applicable to municipal initiative petitions, relators assert that the two "WHEREAS" clauses contained in the preamble of the proposed ordinances are misleading.[1]   However, even in zoning referendum petition and ballot language cases, inclusion of the full text of the amendment or ordinance has generally been held to satisfy constitutional and statutory requirements.  *State ex rel. Williams v. Brown* (1977), 52 Ohio St.2d 13, 19-20, 6 O.O.3d 79, 83, 368 N.E.2d 838, 842; *State ex rel. Turpin Woods Co. v. Bd. of Commrs. of Hamilton Cty.* (1989), 58 Ohio App.3d 61, 65-66, 568 N.E.2d 722, 726; *Nunneker v. Murdock* (1983), 9 Ohio App.3d 73, 77, 9 OBR 93, 97, 458 N.E.2d 431, 436.  Unlike the sole case cited by relators that applied this legal standard to a municipal initiative petition, *Macedonia v. Summit Cty. Bd. of Elections* (Nov. 26, 1986), Summit App. No. 12860, unreported, 1986 WL 13867, there is no manifestly false statement contained in the preamble of the proposed ordinance.

{¶ 13} Further, respondent asserts that the evidence introduced at its hearing on relators' protests supported the validity of the preamble of the proposed ordinance.   Relators attached a copy of the hearing transcript to their reply brief.  S.Ct.Prac.R. X(9) provides that in expedited election matters, "[u]nless otherwise ordered by the Supreme Court, relator shall file any evidence and a merit brief in support of the complaint within three days following the response, respondent shall file any evidence and a merit brief within three days after the filing of relator's merit brief, and relator may file a reply brief within three days after the filing of respondent's merit brief."   Since relators did not submit the hearing transcript within the time provided for filing evidence by S.Ct.Prac.R. X(9), the court should

---

1. The preamble is "the introductory part of a statute, ordinance, or regulation that states the reasons and intent of the law or regulation or is used for other explanatory purposes."  Webster's Third New World International Dictionary (1986) 1783; see, also, *Jurcisin*, 35 Ohio St.3d at 146, 519 N.E.2d at 355 ("[T]he preamble to Ordinance No. 1397-84 clearly stated the reason the ordinance was to go into effect immediately:  the imminence of the next election date.").

not consider it and should presume the regularity of the board's determination. Cf. *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196 (no showing by petitioner-appellant to contradict the presumption of regularity accorded all judicial proceedings). In fact, relators did not seek leave from the court to file the evidence out of rule and do not proffer any justifiable excuse for not filing the hearing transcript in a timely fashion. Moreover, a review of the transcript indicates that relators stipulated to the truth of the first preamble clause and that there was some argument supporting the accuracy of the remaining preamble clause.

{¶ 14} Based on the foregoing, relators have failed to establish that the board abused its discretion or acted in clear disregard of applicable law by denying relators' protests and submitting the proposed ordinance to the electorate at the November 5 election. Our conclusion comports with the principle that "'provisions for municipal initiative or referendum should be liberally construed in favor of the power reserved so as to permit rather than preclude the exercise of such power, and the object sought to be attained should be promoted rather than prevented or obstructed.'" *State ex rel. King v. Portsmouth* (1986), 27 Ohio St.3d 1, 4, 27 OBR 73, 75, 497 N.E.2d 1126, 1128, quoting *State ex rel. Sharpe v. Hitt* (1951), 155 Ohio St. 529, 535, 44 O.O. 489, 491, 99 N.E.2d 659, 662. Accordingly, relators are not entitled to the requested extraordinary relief in prohibition.

{¶ 15} Relators' request for oral argument is also meritless because they advance no reason why it is warranted and the expedited nature of election matters generally precludes it. Therefore, we deny the writ and relators' request for oral argument.

*Writ denied.*

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Cook and Stratton, JJ., concur.

Douglas, J., dissents.

_____