[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 165.]

THE STATE EX REL. HAZEL ET AL. *V.* CUYAHOGA COUNTY BOARD OF
ELECTIONS ET AL.

[Cite as *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections*, 1997-Ohio-129.]

*Elections—Mandamus compelling Cuyahoga County Board of Elections to
submit proposed building code ordinance to the city of Parma electorate
at the November 4, 1997 election—Writ granted, when.*

(No. 97-1822—Submitted September 22, 1997—Decided September 23, 1997.)

IN MANDAMUS and PROHIBITION.

———————————

{¶ 1} In July 1997, relators, resident electors of the city of Parma, filed an initiative petition with the Parma auditor. The petition contained over 7,000 signatures and requested that a proposed ordinance be placed on the November 4, 1997 election ballot. The title and text of the proposed ordinance, as set forth in the initiative petition, provided:

"PART FIFTEEN — BUILDING CODE be Amended by adding the following section thereto:

"CHAPTER 1529. General Building Regulations.

"(1529.44) Penal Facilities Acquisition/Construction/Regulation

"(A.) The City of Parma, Ohio may establish, erect, maintain, and regulate a jail, workhouse, station house, prison, and farm school, so as long as the combined total number of inmates, prisoners, detainees, or arrestees held throughout the entire City at anytime, does not exceed 15. [*Sic.*]

"(B.) The City of Parma shall not maintain any facility which houses for any period of time an inmate, prisoner, detainee, or arrestee who is not or was not incarcerated as a result of an offense committed within the boundaries of the City.

"There is an exception in this subsection (B.), for inmates, prisoners, detainees, or arrestees who are awaiting an appearance before the Parma Municipal Court; however, such an inmate may not be incarcerated in the facility for longer than 24 hours.

"(C.) The City of Parma shall not maintain any facility as noted above in any residentially zoned area or an otherwise zoned area that abuts any residential area; there is an exception in this subsection (C.), for the current facility that exists at West 54th Street.

"(D.) All ordinances, resolutions, proclamations, motions and provisions inconsistent with this Section, and these Subsections (A.), (B.), (C.), (D.), (E.), are hereby repealed and declared null and void.

"(E.) This section shall be severable if any Subsection, Part, Word or Application thereof is held invalid for any reason by a court of competent jurisdiction and the holding of invalidity of any subsection hereunder or word hereunder shall not have an effect upon the rest of the section hereof."

{¶ 2} After holding the initiative petition for at least ten days, the auditor transmitted a certified copy of the text of the proposed ordinance and the petition to respondent Cuyahoga County Board of Elections. The board returned the petition to the auditor with a statement attesting that it contained signatures of the required number of electors for placement on the ballot. The auditor then certified the validity and sufficiency of the petition and requested that the board place the proposed ordinance on the November 4, 1997 election ballot.

{¶ 3} On August 5, 1997, Walter A. Savage filed a written protest with the board, claiming that the petition was invalid and could not be lawfully submitted to the electorate. Savage set forth the following grounds for his protest:

"1) The Petition attempts to control administrative actions, and therefore contravenes Article II, Section 1f of the Ohio Constitution;

"2) The title of the proposed ordinance is omitted, a violation of Section 731.31 of the Ohio Revised Code; the Petition does not present a fair, accurate and unambiguous question for the electors of Parma, Ohio."

{¶ 4} On August 26, the board held a hearing on the protest. At the conclusion of the hearing, the board sustained the protest and held that the initiative petition was invalid because it violated the requirement of R.C. 731.31 that initiative petitions contain a full and correct copy of the title and text of the proposed ordinance. The board thus refused to place the proposed ordinance on the November 4, 1997 election ballot.

{¶ 5} Two days later, relators filed this action. Relators request a writ of mandamus directing respondents, the board and its members, to submit the proposed ordinance to the Parma electorate at the November 4, 1997 election and a writ of prohibition to prevent the board from granting the protest and refusing to submit the proposal to the Parma electors on the November 4, 1997 election ballot. Respondents filed an answer and a motion for summary judgment, and the parties subsequently filed evidence and merit briefs.

{¶ 6} This cause is now before the court for consideration of the merits.

———————————

*Law Offices of R.A. Pelagalli* and *Rodger A. Pelagalli*, for relators.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Jeffrey I. Sherwin*, Assistant Prosecuting Attorneys, for respondents.

———————————

*Per Curiam.*

{¶ 7} Relators initially request a writ of mandamus. The board's decision to uphold the protest will be set aside and a writ of mandamus will issue to compel placement of the proposed ordinance on the November 4 ballot if the board engaged in fraud, corruption, abuse of discretion or clear disregard of statutes or applicable

legal provisions.[1] *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 277, 662 N.E.2d 17, 19. Relators assert that the board abused its discretion and acted in clear disregard of applicable law by refusing to certify the proposed ordinance for the November 4 election ballot. An abuse of discretion connotes unreasonable, arbitrary, or unconscionable conduct. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136.

{¶ 8} The board determined that the initiative petition was invalid because it violated the requirement of R.C. 731.31 that each petition part contain a "full and correct copy of the title and text of the proposed ordinance." Omitting the title and/or text of a proposed ordinance is a fatal defect because it interferes with the petition's ability to fairly and substantially present the issue and might mislead electors. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 292, 649 N.E.2d 1205, 1208.

{¶ 9} The board ruled that the requirement of R.C. 731.31 was not satisfied because the title and text of the proposed ordinance are ambiguous and misleading. But the board erroneously relies on cases in which the title and/or text of the ordinance was omitted or which involved the requirement of a summary for zoning referendum petitions. See *State ex rel. Esch v. Lake Cty. Bd. of Elections* (1991), 61 Ohio St.3d 595, 575 N.E.2d 835 (petition did not include title of proposed ordinance); *State ex rel. Burech v. Belmont Cty. Bd. of Elections* (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153 (petition did not include title and text of county resolution sought to be repealed); *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 12 OBR 180, 465 N.E.2d 883 (zoning referendum petition summary); *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 51 O.O.2d 277, 259 N.E.2d 501 (zoning referendum petition

---

1. Respondents concede that relators do not have an adequate remedy in the ordinary course of the law.

summary).  As we recently held in *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 38, 671 N.E.2d 1, 4, such cases are inapposite.

{¶ 10} As in *Christy*, 77 Ohio St.3d at 38, 671 N.E.2d at 4, the initiative petition parts fully complied with R.C. 731.31 because they contained a full and correct copy of the title and text of the proposed ordinance.  Contrary to the board's argument, the proposed ordinance contains a title, which is designated as "Penal Facilities Acquisition/Construction/Regulation."   See, generally, Black's Law Dictionary (6 Ed.1990) 1485 ("[I]n legislation, the title of the statute is the heading or preliminary part * * *.").

{¶ 11} In addition, as in *Christy*, 77 Ohio St.3d at 39, 671 N.E.2d at 4-5, even assuming that the standards of the zoning referendum petition and ballot language cases applied, inclusion of the full title and text of the ordinance satisfied constitutional and statutory requirements.  See, *e.g., State ex rel. Williams v. Brown* (1977), 52 Ohio St.2d 13, 19-20, 6 O.O.3d 79, 83, 368 N.E.2d 838, 842. Furthermore, Paragraph D of the proposed ordinance, which repeals and declares void all municipal legislation that is inconsistent with the ordinance, is not, as the board contends, ambiguous or misleading because it fails to specify the inconsistent legislation.  Cf. R.C. 1.52(A); *State ex rel. Finegold v. Lorain Cty. Bd. of Commrs.* (1928), 29 Ohio App. 364, 371, 163 N.E. 585, 587 ("When the Legislature declared in plain language that the procedure set forth in the [new act] should supersede the procedure inconsistent therewith provided by other laws * * *, it in effect repealed such other laws, not by implication, but by express enactment * * *.").

{¶ 12} The board thus abused its discretion and acted in clear disregard of applicable law by refusing to place the proposed ordinance on the November 4 election ballot because of asserted noncompliance with R.C. 731.31.

{¶ 13} The board next suggests that other reasons support its decision to refuse to submit the issue to the electorate.  It notes that although it granted the protest because of the alleged noncompliance with R.C. 731.31, the protestor also

contended that the ordinance was not subject to municipal initiative powers because it constituted administrative rather than legislative action. Mandamus will not lie to compel a board of elections to submit an ordinance proposed by initiative petition to the electorate if the ordinance does not involve a subject which a municipality is authorized by law to control by legislative action. *State ex rel. Rhodes v. Lake Cty. Bd. of Elections* (1967), 12 Ohio St.2d 4, 41 O.O.2d 2, 230 N.E.2d 347.

{¶ 14} Section 1f, Article II of the Ohio Constitution provides that "[t]he initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action * * *." Administrative actions are not subject to municipal powers of initiative and referendum. *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500. "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Id.* at paragraph two of the syllabus.

{¶ 15} Parma has general authority under R.C. 715.16(A) to enact the proposed ordinance. In addition, the enactment of the ordinance would constitute a permissible legislative act because it does not simply administer laws already in existence. *Id.*; cf. *State ex rel. Zonders v. Delaware Cty. Bd. of Elections* (1994), 69 Ohio St.3d 5, 11, 630 N.E.2d 313, 317 ("Generally, the adoption of a zoning amendment, like the enactment of the original zoning ordinance, is a legislative act which is subject to referendum."). Therefore, the board could not rely on Section 1f, Article II of the Ohio Constitution to refuse to place the proposed ordinance on the election ballot. In fact, the board did not base its ultimate decision on this contention.

{¶ 16} A final asserted reason to invalidate the proposed ordinance that the ordinance violates R.C. 731.19 by containing more than one subject, addresses the

6

substance or propriety of the ordinance rather than the validity and sufficiency of the initiative petition under the pertinent constitutional and statutory requirements for initiative petitions. These contentions are thus premature. *Thurn*, 72 Ohio St.3d at 293, 649 N.E.2d at 1208 ("[A]ny claim alleging the unconstitutionality or illegality of the substance of the proposed ordinances prior to their approval by the electorate is premature."); *Cincinnati v. Hillenbrand* (1921), 103 Ohio St. 286, 133 N.E. 556, paragraph two of the syllabus ("[W]here the mandatory provisions of the constitution or statute prescribing the necessary preliminary steps to authorize the submission to the electors of an initiative statute or ordinance have been complied with[,] the submission will not be enjoined.").

{¶ 17} Based on the foregoing, relators established that the board abused its discretion and acted in clear disregard of applicable law by sustaining the protest and refusing to submit the proposed ordinance to the electorate at the November 4 election. This conclusion is also supported by our duty to liberally construe municipal initiative provisions to permit the exercise of such power. *Christy*, 77 Ohio St.3d at 40, 671 N.E.2d at 5. Accordingly, we grant a writ of mandamus to compel the board and its members to submit the proposed ordinance to the Parma electorate at the November 4, 1997 election.[2]

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

2. This moots relators' alternative claim for a writ of prohibition.