O’Connor, C.J.,
concurring.
{¶ 59} I concur in the judgment and opinion granting the writ of mandamus to compel the Ohio Ballot Board to reconvene forthwith to replace its previously adopted ballot language for State Issue 2 with language that properly describes the proposed constitutional amendment. I write separately, however, to respond to Justice Pfeifer’s suggestion in his concurring opinion that we should usurp the ballot board’s exclusive constitutional authority to craft the ballot language for the proposed constitutional amendment. To do so would violate the doctrine of separation of powers, the Ohio Constitution, and our precedent.
{¶ 60} “The first, and defining, principle of a free constitutional government is the separation of powers.” State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 39. “While Ohio, unlike other jurisdictions, does not have a constitutional provision specifying the concept of separation of powers, this doctrine is implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government.” S. Euclid v. Jemison, 28 Ohio St.3d 157, 158-159, 503 N.E.2d 136 (1986); State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys., 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 2. “ ‘The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments * * Bodyke at ¶ 44, quoting State ex rel. Bryant v. Akron Metro. Park Dist. of Summit Cty., 120 Ohio St. 464, 473, 166 N.E. 407 (1929).
{¶ 61} The Ohio Constitution, Article XVI, Section 1 vests exclusive jurisdiction to prescribe the ballot language for proposed constitutional amendments in the Ohio Ballot Board, which consists of the secretary of state and “four other members, who shall be designated in a manner prescribed by law and not more than two of whom shall be members of the same political party.” Under R.C. 3505.061(A), “[o]ne of the members [of the ballot board] shall be appointed by the *272 president of the senate, one shall be appointed by the minority leader of the senate, one shall be appointed by the speaker of the house of representatives, and one shall be appointed by the minority leader of the house of representatives.”
{¶ 62} Although that same constitutional section vests this court with exclusive, original jurisdiction in all cases challenging the ballot language prescribed by the ballot board, it limits our authority to a determination of whether the contested language is invalid. See Ohio Constitution, Article XVI, Section 1 (“The ballot language shall not be held invalid unless it is such as to mislead, deceive, or defraud the voters”). Nothing in Article XVI, Section 1 or any other constitutional provision authorizes this court to sit as a super ballot board to prescribe ballot language for a proposed constitutional amendment after we have determined that the language prescribed by the board is invalid. See State ex rel. State v. Lewis, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 34 (when the Supreme Court declares an act of the legislative branch of government to be unconstitutional, the judiciary’s role in the matter is complete).
{¶ 63} Consistent with the plain language of the Ohio Constitution, Article XVI, Section 1, once this court has exercised its jurisdiction by determining that the language prescribed by the ballot board is invalid, our authority over the matter ends, and it is up to the ballot board to exercise its exclusive constitutional authority to adopt ballot language that properly describes the proposed constitutional amendment. This practice is consistent with our precedent. For example, in State ex rel. Bailey v. Celebrezze, 67 Ohio St.2d 516, 520, 426 N.E.2d 493 (1981), once we held that the ballot board’s language for a proposed constitutional amendment was invalid, we granted a writ of mandamus to order the board to reconvene, forthwith, to adopt ballot language that properly described the proposed constitutional amendment so that it could appear on the general-election ballot. Therefore, as dictated by the doctrine of separation of powers and by the Ohio Constitution, Article XVI, Section 1 and our precedent construing it, we lack jurisdiction to infringe upon the ballot board’s exclusive constitutional authority to prescribe the appropriate ballot language after this court’s determination that it is invalid.
Lundberg Stratton and McGee Brown, JJ., concur in the foregoing opinion.