Lanzinger, J.,
dissenting.
{¶ 70} I respectfully dissent. The Ohio Constitution, Article XVI, Section 1 creates a high standard for declaring ballot language invalid:
The ballot language shall properly identify the substance of the proposal to be voted upon. The ballot need not contain the full text nor a condensed text of the proposal.
* * * The ballot language shall not be held invalid unless it is such as to mislead, deceive, or defraud the voters.
(Emphasis added.)
{¶ 71} The ballot language summarizes and identifies the substance of the proposal, and
*276 McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relators.
Michael DeWine, Attorney General, and Richard N. Coglianese, Sarah E. Pierce, and Michael J. Schuler, Assistant Attorneys General, for respondents.
the test for determining the validity of proposed ballot language is not whether the members of this court might have used different words to describe the language used in the proposed amendment, but, rather, whether the language adopted by the ballot board properly describes the proposed amendment.
State ex rel. Bailey v. Celebrezze, 67 Ohio St.2d 516, 519, 426 N.E.2d 493 (1981), citing State ex rel. Foreman v. Brown, 10 Ohio St.2d 139, 150, 226 N.E.2d 116 (1967).
{¶ 72} The majority identifies what it considers to be three flaws in the ballot language approved by the Ohio Ballot Board: the omission of any mention of who appoints the new commission, the omission of standards to be used by the new commission in its redistricting, and the omission of the limitation on the commission’s funding to that which is necessary for its activities. But these omissions do not make the ballot summary itself false. The proposed change would give reapportionment authority to appointed members rather than to current elected members. The standards for the reapportionment process are not spelled out, but it is noted that they would be changed. And finally, the ballot language states that the General Assembly would fund the commission.
{¶ 73} The varying opinions of the justices show that there are different interpretations of what must be included in a summary, suggesting that to avoid these concerns, the entire text of the proposed amendment should be placed on the ballot. But this is not what the constitution requires. Although I might have written a different summary in light of the arguments made, I cannot say that these purported flaws rise to the level of misleading, deceiving, or defrauding the voters. Nor do I believe that this court should rewrite the ballot summary, as one of the concurring justices suggests.
{¶ 74} I would hold the omissions to be harmless because the summary properly identifies the substance of the proposal, and I would therefore deny the writ.