[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dawson v. Cuyahoga Cty. Bd. of Elections,* Slip Opinion No. 2014-Ohio-4145.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4145

THE STATE EX REL. DAWSON *v.* CUYAHOGA COUNTY BOARD OF

ELECTIONS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State ex rel. Dawson v. Cuyahoga Cty. Bd. of Elections,*

Slip Opinion No. 2014-Ohio-4145.]

*Elections—Prohibition—Action to prevent recall election—Challenge to recall*

*provision in city charter—Alleged defects in recall petitions—Writ denied.*

(No. 2014-1565—Submitted September 22, 2014—Decided September 22, 2014.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, James G. Dawson, seeks a writ of prohibition to prevent the recall election of Richmond Heights mayor Miesha Wilson Headen, scheduled for September 23, 2014. For the reasons set forth below, we deny the writ.

*Facts*

**{¶ 2}** On August 18, 2014, a group of Richmond Heights, Ohio, electors submitted a "Recall Petition" to the Richmond Heights city council. The caption of the petition read: "Recall Petition – Mayor Miesha Wilson Headen."

**{¶ 3}** The body of the petition stated that the purpose of the petition was to place on the ballot the question, "Shall Miesha Wilson Headen be retained in her office as Mayor?" and explained that if a majority of the votes cast are voted in the negative, then "Mayor Miesha Wilson Headen shall be considered as removed, the office of Mayor shall be deemed vacant and such vacancy shall be filled as provided in the City of Richmond Heights Charter."

**{¶ 4}** On August 19, 2014, the director of the Cuyahoga County Board of Elections certified that the petitions contained 1,050 valid signatures. One week later, after the city council voted to certify the mayoral recall issue for inclusion on the ballot, a special election was scheduled for September 23, 2014. Early voting in the special election began on August 27, 2014.

**{¶ 5}** On September 4, 2014, Dawson tried to file a written protest against the special election, which the board of elections refused to accept on the grounds that once voting began, it was no longer the appropriate venue for a protest.

**{¶ 6}** Dawson filed suit in this court on September 8, 2014, seeking a writ of prohibition against the board of elections and its individual members, to prevent them from submitting the recall initiative to the voters at the September 23, 2014 special election. The court sua sponte issued an expedited briefing schedule, and the parties submitted briefs and evidence in compliance with that order.

*Legal analysis*

**{¶ 7}** Dawson challenges both the constitutionality of the recall provision in the city charter and the sufficiency of the recall petitions.

*The constitutional challenge to the city charter*

{¶ 8}  The petition informed potential signers that if the recall was successful, then "such vacancy shall be filled as provided in the City of Richmond Heights Charter."  Section V-7 of the city charter governs vacancies in the office of mayor.  Section V-7(b) provides that if the office becomes vacant after the first day of April following the last regular municipal election, the president of city council shall succeed to the office of mayor and serve the unexpired term.

{¶ 9}  Dawson argues that this provision for automatic succession violates the First Amendment rights of voters to select their own mayor and implies that it violates his own constitutional right to stand as a candidate for the office.  Dawson cites no case law to directly support his claim.

{¶ 10} To the contrary, the fundamental right to vote is not implicated by laws providing for temporary appointments to fill vacancies.  In *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982), the United States Supreme Court considered a challenge to a statute that allowed a vacancy in the legislature to be filled by the departing representative's political party, rather than through a special election.  The Supreme Court upheld this method of filling an interim vacancy because:

> [T]he * * * statute at issue here does not restrict access to the electoral process or afford unequal treatment to different classes of voters or political parties. All qualified voters have an equal opportunity to select a district representative in the general election; and the interim appointment provision applies uniformly to all legislative vacancies, whenever they arise.

(Footnote omitted.)  *Id*. at 10.

**{¶ 11}** "States have a legitimate interest in ensuring that governmental processes are not disrupted by vacancies and have wide latitude in devising a method to fill those vacancies promptly." *Lynch v. Illinois State Bd. of Elections*, 682 F.2d 93, 97 (7th Cir.1982) (upholding statute allowing mayor of Chicago to make temporary appointments to office of alderman). Therefore, even if the "automatic succession" provision did impose some very slight burden on First Amendment rights, the burden would be outweighed by legitimate governmental interests, as described above. *See Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983); *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992).

**{¶ 12}** We hold that Dawson's constitutional challenge to the charter has no merit.

*Alleged defects in the recall petitions*

**{¶ 13}** Section IX-4 of the city charter states that "[a]fter an elected officer has served six (6) months of his term, a petition demanding his recall and removal, may be filed with the Clerk." R.C. 705.92(A), which establishes procedures for the removal of an elected municipal official, has similar terminology: "A petition * * * demanding the election of a successor to the person sought to be removed, shall be filed with the board of elections." Dawson contends that the petitions were defective because they did not use the word "demand" or "removal." However, neither the charter nor the Revised Code specifies the exact language the petitions must contain. Calling for a special election to remove the mayor certainly appears to equate to a "demand."

**{¶ 14}** Dawson also claims that the petition is misleading because it never specifically says that David Roche, the current president of the Richmond Heights city council, will become interim mayor if the recall is successful. But the petition is not misleading. It accurately informs voters that the vacancy will be filled according to the procedures in the charter.

4

**{¶ 15}** Dawson cites *State ex rel. Bailey v. Celebrezze*, 67 Ohio St.2d 516, 426 N.E.2d 493 (1981), but *Bailey* concerned *ballot* language, not petition language. Petition language is governed by R.C. 731.31, which requires each part-petition in support of an initiative to contain a full and correct copy of the title and text of the proposed measure. "Generally, inclusion of the full text of an amendment or ordinance on a petition satisfies all constitutional and statutory requirements * * * because the full text of a proposed charter amendment usually fairly and substantially presents the issue to petition signers." (Citation omitted.) *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 33.

**{¶ 16}** Dawson has not established a disqualifying defect in the part-petitions.

*Conclusion*

**{¶ 17}** Dawson has failed to present any reason why a writ of prohibition should issue to prevent the recall election. We therefore deny the writ.

Writ denied.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL and O'NEILL, JJ., concur in judgment only.

_____

James G. Dawson, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brendan R. Doyle, Assistant Prosecuting Attorney, for respondents.

_____